ORDERED.

Dated: July 07, 2021

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                          Case No.: 3:20-bk-1991-JAF

JOSE T. ROMAN, JR.,                                              Chapter 7

    Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon the United States Trustee's (the "US Trustee") Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and for Totality of the Circumstances under 11 U.S.C. § 707(b)(3). (Doc. 15). The Court conducted a trial on the Motion to Dismiss on April 19, 2021 and directed the parties to file post-trial memoranda in support of their respective positions. Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On June 29, 2020, the Debtor filed this Chapter 7 bankruptcy petition. (US Trustee's Ex. 2). The Debtor is a pipefitter employed by the Department of Defense. The Debtor's daily round

trip work commute from Middleburg, Florida to Kings Bay, Georgia takes two and a half to three hours.

The Debtor's gross monthly wages are $6,290.86, and his monthly military retirement pension is $1,782.17,[1] resulting in a total current monthly income of $8,073.03. (US Trustee's Ex. 4). Reducing the Debtor's current monthly income by his properly calculated total monthly expense deductions results in a monthly disposable income of $2,072.09. (Id.) Although the Debtor claimed a $1,375.00 monthly fuel cost as a special circumstance on his Form 122A-1 (the Chapter 7 Statement of Current Monthly Income), he conceded at trial that his fuel costs were significantly overstated. Specifically, he testified that he fills his gas tank two to three times a week at a cost of $60-$70 per tank. Accordingly, the Debtor's actual monthly fuel cost is $780.00. Reducing the Debtor's monthly disposable income by his fuel cost results in a monthly disposable income of $1,292.09.

The Debtor's non-priority general unsecured debts total $63,203.19 and are primarily consumer in nature.

## Conclusions of Law

The US Trustee seeks to have the case dismissed pursuant to 11 U.S.C. §§ 707(b)(1) and (b)(3), arguing that granting relief would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code. In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") Congress made sweeping changes to the Bankruptcy Code to address perceived abuses of the bankruptcy system and to ensure that debtors with the ability to repay their

---

[1] The Debtor listed the pension on Line 9 of his Statement of Current Monthly Income, which is titled "Pension or Retirement Income" and states: "[D]o not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services." The Debtor also testified at trial that his military retirement is from having served in the military reserves and is not a disability pension.

debts do so. Section 707(b)(1) of the Bankruptcy Code provides that a court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. Section 707(b)(2)(A)(i) requires a court to presume that abuse exists if the debtor's current monthly income, reduced by allowed deductions and multiplied by 60, is greater than or equal to the greater of 25% of the debtor's nonpriority unsecured claims or $8,175, whichever is greater, or $13,650.

Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $136.25 per month in net income (i.e., less than $8,175 to fund a 60–month plan), the filing is not presumed abusive. If the debtor has monthly net income of $227.50 or more (i.e., at least $13,650 to fund a 60–month plan), the filing is presumed abusive. Finally, if the debtor's net monthly income is more than $136.25 but less than $227.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay $25% or more of the debtor's non-priority, unsecured debts.

A debtor may only rebut the presumption of abuse by demonstrating special circumstances, such as a serious medical condition or order to active duty service in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). A debtor claiming special circumstances must provide itemized documentation of his expenses or a detailed explanation of the special circumstances, which justify the expenses for which there is no reasonable alternative.

Taking as true, and permitting as a special circumstance, the Debtor's monthly stated fuel costs, the Debtor's monthly disposable income is $1,292.09, which triggers the presumption of abuse. The Debtor concedes that the presumption of abuse arises in this case if his monthly

military pension of $1,782.17 is included in the calculation of his current monthly income. However, the Debtor asserts that the Haven Act applies to his military pension, and the pension is therefore excluded from his current monthly income.

Section 101(10A) of the Bankruptcy Code defines the term "current monthly income." While the section is very broad and defines current monthly income as "the average monthly income from all sources that the debtor receives," it contains a number of express exclusions. In August 2019, Congress amended § 101(10A) by enacting the Honoring American Veterans in Extreme Need Act of 2019 (the "Haven Act"). The Haven Act excludes "any monthly compensation, pension, pay, annuity, or allowance paid … in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services." The Debtor testified that his military pension is not a disability pension and introduced no other evidence that the Haven Act applies to the military pension. Accordingly, the Debtor's military pension is not excluded from the calculation of his current monthly income. Because the presumption of abuse arises, and the Debtor has failed to rebut the presumption, granting relief would be an abuse of the provisions of Chapter 7. Accordingly, the Court will dismiss the case pursuant to § 707(b)(1). Having found that dismissal is appropriate under § 707(b)(1), the Court will not address the US Trustee's argument as to dismissal under § 707(b)(3).

## Conclusion

The presumption of abuse set forth in § 707(b)(2)(A)(i) arises in this case, and the Debtor has failed to rebut it. Therefore, granting relief would be an abuse of the provisions of Chapter 7, and the Court will dismiss the case pursuant to § 707(b)(1). The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Clerk's Office to Serve